## CIRCUIT COURT OF ARLINGTON COUNTY

Allen

v.

Stern

March 8, 1996

BY JUDGE PAUL F. SHERIDAN

This case comes before the Court on Petitioner's appeal from the Virginia Department of Health's determination that Petitioner is required to undergo Certificate of Public Need (COPN) review and obtain such approval prior to the establishment of an outpatient surgical hospital in Sterling. After hearing oral argument on August 30, 1995, the Court took the case under advisement.

After considering oral arguments and reviewing the record, briefs, and materials submitted by the parties, the Court finds that the COPN statute as read with the State Medical Facilities Plan (SMFP) and as applied by the Department is unconstitutionally vague and cannot be enforced against the Petitioner in its present form.

The first issue considered is the standard of review. Petitioner's position is that this statute has criminal remedies, and therefore, the Court must strictly review the application and constitutionality of its language. The Department argues that this statute is, for all practical matters, a civil statute, and thus, the Court should give the normal deference to the Agency's fact findings and interpretation.

The Court has applied the "civil" standard of review. A court's deference to the interpretation of governing law and promulgated regulations does not eliminate a judge's power and duty to decide when statutory construction and constitutional review compel a different result from agency interpretations. *Thomas Jefferson Univ. v. Shalala*, 114 S. Ct. 2381 (1994).

The second issue considered is the relationship of the COPN statutory definition of "medical care facility," Virginia Code Section 32.1-102.1, as amended, and the State Medical Facilities Plan (SMFP). Petitioner says that the new statutory language made licensure a prerequisite to the necessity for COPN review. The Department argues that any changes made to the statute were for grammatical clarification and not intended to substantively change the law, and therefore, the SMFP still is consistent with the statutory definition. The Department also argues that the functional use of a facility is a decisive element rather than "licensing" definitions.

The Court finds that the SMFP, read in conjunction with COPN statute, ignores significant statutory changes. The Court must follow the statute when such a conflict exists. The statutory language changed from "whether or not required to be licensed" to "whether licensed or required to be licensed." The effect of the revision is a substantive one that must be reflected in the regulations. The result is that the question, "What facility needs licensure?" is difficult to clearly answer. This equivocal result means the statute and regulations are fatally vague, facially and in application.

Further, the Commonwealth asks the Court to apply *Massey v. Firmstone*, 134 Va. 450, 114 S.E. 652 (1922), to Petitioner's prior testimony (where he and his "expert" called his facility a "center") to establish that Petitioner's own words placed his proposed facility within the statute. But *Massey v. Firmstone* considerations do not require this Court to bind appellant to words used by Dr. Allen or his "expert" that amount to legal conclusions and/or words used in the COPN law or regulations. Legal conclusions do not bind parties, witnesses, or their agents as clear unequivocal factual assertions do. Further, appellant, in his affidavit, contradicted those items of testimony that allegedly bind him. Thus, the Court, recognizing the deference required to be given on fact findings, does not find that that compels a factual conclusion, on this record, that appellant was building a "specialized center or clinic or that portion of a physician's office developed for the provision of outpatient or ambulatory surgery" so as to deliberately elect to fit into a COPN requirement.